**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JAMES OLIVETTE EZELL,**

Plaintiff,

v.

**HON. CHRISTINE GRAVELLE**, *et al.*,

Defendants.

Civil Action No. 26-3180 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon several motions. The first motion is a Motion to Reinstate Chapter 13 Proceedings and Vacate a Void Dismissal filed by Plaintiff James Olivette Ezell ("Plaintiff") on March 24, 2026. ("Plaintiff's Motion to Reinstate his Bankruptcy Action", ECF No. 2.) Plaintiff's Motion is not accompanied by a moving brief, yet Defendant Hill Wallack LLP ("Defendant") filed an opposition brief on April 21, 2026. ("Def.'s Opp'n Br.", ECF No. 8.) The second motion is a Motion to Remand and Reject Withdrawal of Bankruptcy Reference filed by Defendant on April 23, 2026. ("Defendant's Motion to Remand", ECF No. 9.) Defendant's Motion to Remand was accompanied by a moving brief ("Def.'s Moving Br.", ECF No. 9-3), and Plaintiff did not file an opposition. The third motion is an Omnibus Emergency Motion for Injunctive Relief filed by Plaintiff on September 18, 2026. ("Plaintiff's Emergency Motion", ECF No. 23.) Defendant opposed on October 5, 2026. ("Def.'s Opp'n Br. to Emergency Motion", ECF No. 24.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Remand is **GRANTED** and Plaintiff's Motions are **DENIED AS MOOT**.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

By way of brief background, this matter arises out of a 2008 state foreclosure action in the Superior Court of New Jersey, Chancery Division, Monmouth County entitled *JP Morgan Chase Bank N.A. v. Ezell*, Civ. No. F-048546-08 (N.J. Super. Ct. Ch. Div.) (the "Millenium Foreclosure Action"), concerning a piece of real property located at 1113-1115 Monroe Avenue, Asbury Park, New Jersey. (ECF Nos. 9-5, 9-7.) A final judgment was entered in that action on April 14, 2021. (ECF No. 9-9.) Since then, however, Plaintiff has unsuccessfully attempted to litigate the same complaint across multiple state and federal courts endeavoring to vacate or seek relief from the state court foreclosure judgment. *See, e.g.*, *Ezell v. Payne*, Civ. No. 16-1166 (W.D. La.); *In re Ezell*, Bank. No. 16-4389 (Bankr. S.D. Ala.); *Ezell v. Ocwen Loan Servicing and Wells Fargo Bank, N.A.*, Civ. No. 18-16929 (D.N.J.); *Ezell v. JP Morgan Chase Bank N.A.*, Civ. No. 18-1407 (D.N.J.); *In re Ezell*, Bankr. No. 19-25148 (Bankr. D.N.J.); *In re Ezell*, Bankr. No. 22-10627 (Bankr. D.N.J.); *In re Ezell*, Bankr. No. 25-51041 (Bankr. D. Del.); *In re Ezell*, Bankr. No. 25-23495 (Bankr. D.N.J.); *Ezell v. Russo*, Civ. No. 26-6274 (D.N.J.). This case is no different.

Relevant here, the Bankruptcy Court dismissed Plaintiff's Chapter 13 petition because Plaintiff failed to file a feasible confirmation plan. (*See* ECF No. 48, *In re Ezell*, Bankr. No. 25-23495 (Bankr. D.N.J.) (March 12, 2026 Dismissal Order)). On March 23, 2026, Plaintiff

[1] To assist in providing necessary context here, the Court takes judicial notice of other judicial proceedings involving Plaintiff. *Orabi v. Att'y Gen. of the United States*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (noting that courts "may take judicial notice of the contents of another [c]ourt's docket" (citations omitted)).

appealed that order, and that appeal remains pending before this Court. (*See* ECF No. 59, *In re Ezell*, Bankr. No. 25-23495 (Bankr. D.N.J.) (March 23, 2026 Notice of Appeal); *Ezell v. Russo*, Civ. No. 26-2955 (D.N.J.)). One day later, Plaintiff commenced the present action.

Plaintiff's filings are difficult to follow. As best the Court can discern, Plaintiff's current Complaint purports to: (1) remove the Millenium Foreclosure Action, as well as another state court foreclosure action entitled *Wells Fargo Bank, N.A. v. Ezell*, Civ. No. F-27849-16 (N.J. Super. Ct. Ch. Div.) (the "Wells Fargo Foreclosure Action") pursuant to 28 U.S.C. §§ 1441, 1452; (2) withdraw reference of his bankruptcy action, *In re Ezell*, Bankr. No. 25-23495 (Bankr. D.N.J.), for cause pursuant to 28 U.S.C. § 157(d); and (3) stay all proceedings pending de novo review of the Bankruptcy Court's "structural constitutional errors." (*See generally* "Compl.", ECF No. 1.) In support of his demand to withdraw reference to the bankruptcy court, Plaintiff submits that: (1) that the Bankruptcy Court deprived Plaintiff of due process on or about March 11, 2026; (2) the creditors in the Millenium and Wells Fargo Foreclosure Actions lacked standing to enforce the note on Plaintiff's properties, rendering the judgments in those actions void; and (3) the Bankruptcy Court allowed violations of a discharge injunction. (*See generally id.*)

On March 24, 2026, Plaintiff filed a Motion to Reinstate Chapter 13 Proceedings and Vacate a Void Dismissal. (Plaintiff's Motion to Reinstate his Bankruptcy Action.) Defendant opposed that Motion, as well as the relief sought in Plaintiff's Complaint to withdraw the bankruptcy reference on April 21, 2026. (*See* Def.'s Opp'n Br.) On April 23, 2026, Defendant filed a Motion to Remand. (Defendant's Motion to Remand.) Plaintiff did not file an opposition to Defendant's Motion to Remand. Then, on September 18, 2026, Plaintiff filed an Omnibus Emergency Motion for Injunctive Relief. (Plaintiff's Emergency Motion.) Defendant opposed on October 5, 2026. (Def.'s Opp'n Br. to Emergency Motion.)

## II. LEGAL STANDARD

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." After a matter is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

## III. DISCUSSION

Before addressing Plaintiff's Motions, the Court must address Defendant's Motion to Remand. *Cf. Newton v. S. Jersey Paper Prods. Co., Inc.*, Civ. No. 19-17289, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020) (explaining that a court is obligated to address a motion to remand before any other motion filed earlier in time).

### A. DEFENDANT'S MOTION TO REMAND

Defendant asks this Court to remand this action to state court because Plaintiff: (1) did not timely remove the Millenium Foreclosure Action pursuant to 28 U.S.C. §1446; (2) failed to obtain consent of all defendants in the Millenium Foreclosure Action; and (3) did not state a basis for removal in accordance with 28 U.S.C. §§ 1446(a), (b). (Def.'s Moving Br. 6–7.) Moreover, Defendant contends that Plaintiff's attempt to void the judgment of the Millenium Foreclosure Action is barred by the *Rooker-Feldman* Doctrine. (*Id.* at 8–9.)

To the extent Plaintiff's Complaint can be construed as a notice of removal, Defendant is correct that Plaintiff's removal of the Millenium Foreclosure Action is untimely. A notice of removal must be filed within thirty days of the defendant's receipt of the original complaint by

service or otherwise. 28 U.S.C. § 1446(b). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one."). Here, the record does not clarify when Plaintiff received the original foreclosure complaint in the Millenium Foreclosure Action. However, the Millenium Foreclosure Action commenced in 2008. (*See generally* Docket, *JP Morgan Chase Bank N.A. v. Ezell*, Civ. No. F-048546-08 (N.J. Super. Ct. Ch. Div.)). Accordingly, Plaintiff's attempt to remove the Millenium Foreclosure Action to this Court eighteen years after its commencement is untimely, especially given that the Millenium Foreclosure Action progressed to a final judgment. Equally fatal is Plaintiff's failure to obtain consent from the other defendants in the Millenium Foreclosure Action.

Moreover, insofar as Plaintiff's Complaint can also be read to invite review of both of the Millenium and Wells Fargo Foreclosure Actions based on "voided state court record[s]" and further seeks to stay all proceedings pending de novo review of the Bankruptcy Court proceedings, it is well settled that *Rooker-Feldman* and the Anti-Injunction Act, 28 U.S.C. § 2283,[2] preclude the relief Plaintiff seeks to the extent Plaintiff is attempting to nullify or otherwise enjoin the Millenium and Wells Fargo Foreclosure Actions from progressing in state court. *See Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 132 (3d Cir. 2013) (noting that a district court sitting "in appellate review of state-court proceedings" is "a role specifically prohibited by

[2] While Defendant's Motion to Remand neither addressed the Anti-Injunction Act nor the Wells Fargo Foreclosure Action, the Court has an independent obligation to ensure that it has subject matter jurisdiction over an action and may raise jurisdictional issues *sua sponte*, even if not specifically argued. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77–78 (3d Cir. 2003) (explaining that "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt . . . [, and a] necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns" (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 287 (3d Cir. 2023) (explaining that, "even in the absence of a jurisdictional challenge from any party," a court may address whether subject matter jurisdiction exists).

*Rooker-Feldman*"); *see also Otto v. Wells Fargo Bank, N.A.*, 693 F. App'x 161, 163 (3d Cir. 2017) ("To the extent that [the] complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the *Rooker-Feldman* doctrine bars the suit."); *see also Wells Fargo Bank, N.A. v. Washington*, Civ. No. 23-617, 2023 WL 5277863, at *2 n.2 (D.N.J. Aug. 16, 2023) (noting that "the Anti-Injunction Act barred the plaintiff's request to stay state court foreclosure proceedings" (citing *Mestman v. Runaway Beach Condo. Assoc.*, Civ. No. 21-16529, 2021 WL 4848602, at *2 (D.N.J. Sept. 14, 2021))); *Frankel v. Guzman*, Civ. No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) ("[S]everal district courts in this Circuit have held that '[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings.'" (collecting cases)).

Accordingly, because Plaintiff untimely removed the Millenium Foreclosure Action and the Court lacks jurisdiction over the Millenium and Wells Fargo Foreclosure Actions based on the *Rooker-Feldman* Doctrine and Anti-Injunction Act, the Court grants Defendant's Motion to Remand. However, given that Plaintiff did not actually file a notice of removal in this action and there is no action to remand to state court, dismissal of any claim implicating the Millenium and Wells Fargo Foreclosure Actions is, therefore, appropriate. *See Wells Fargo Bank, N.A. v. Washington*, Civ. No. 23-617, 2023 WL 5277863, at *2 n.3 (D.N.J. Aug. 16, 2023) (dismissing action where no notice of removal was filed); *Difour v. Florida*, Civ. No. 22-786, 2023 WL 2633329, at *1 (M.D. Fla. Mar. 24, 2023) (dismissing action *sua sponte* for want of subject matter jurisdiction where no notice of removal was filed pursuant to 28 U.S.C. 1446(a)). That dismissal will be without prejudice to Plaintiff seeking whatever relief may still be available in state court.

What remains is Plaintiff's attempt to withdraw the bankruptcy reference. The Court next turns to whether this is warranted.

### B. PLAINTIFF'S REQUEST TO WITHDRAW REFERENCE TO THE BANKRUPTCY COURT

Permissive withdrawal allows "any case or proceeding" to be withdrawn "in whole or in part . . . on the [district court's] own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "The 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989) (internal quotations omitted). "To overcome that presumption, the moving party has the burden to prove that cause exists to withdraw the reference." *In re NDEP Corp.*, 203 B.R. 905, 907 (D. Del. 1996). "As noted by the Third Circuit, 'cause' to withdraw the reference 'will be present in only a narrow set of circumstances.'" *In re FTX Trading Ltd*, Civ. No. 23-50411, 2024 WL 21542, at *2 (D. Del. Jan. 2, 2024) (citation omitted). In determining whether cause exists to permit withdrawal, a district court evaluates whether withdrawal will: (1) promote uniformity in bankruptcy administration; (2) reduce forum shopping and confusion; (3) foster the economical use of the debtor's and creditors' resources; and (4) expedite the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Matter of Powelson*, 878 F.2d 976, 983 (7th Cir. 1989)). The Court must also consider the timing of the withdrawal because the final disposition of a core proceeding implicates the district court's appellate jurisdiction under 28 U.S.C. § 158(a). *Id.*

Although Plaintiff's request to withdraw reference to bankruptcy does not address any of the *In re Pruitt* factors, the timing of Plaintiff's request is dispositive here. As recognized by one court in this Circuit, "[t]he Third Circuit has suggested that a motion for withdrawal of the reference must occur before the dismissal of the bankruptcy proceeding." *Schoen v. First Nat. Bank of Pa.*, Civ. No. 24-979, 2026 WL 730205, at *4 (W.D. Pa. Mar. 16, 2026) (citing *In re RFE*

*Indus.*, 65 F. App'x 405, 408 (3d Cir. 2003)). Here, Plaintiff's request to withdraw reference to bankruptcy occurred twelve days after the Bankruptcy Court dismissed his proceedings and one day after Plaintiff filed a notice of appeal of that order. (*See* ECF No. 48, *In re Ezell*, Bankr. No. 25-23495 (Bankr. D.N.J.) (March 12, 2026 Dismissal Order); ECF No. 59, *In re Ezell*, Bankr. No. 25-23495 (Bankr. D.N.J.) (March 23, 2026 Notice of Appeal)). Given that Plaintiff has filed an appeal before seeking to withdraw reference to bankruptcy, the Court must proceed with Plaintiff's pending appeal in *Ezell v. Russo*, Civ. No. 26-2955 (D.N.J.). *See also In re Pruitt*, 910 F.2d at 1168 (concluding that cause to withdraw was lacking after an appeal to the district court was taken). Stated differently, because the bankruptcy proceedings have been dismissed, this Court lacks jurisdiction to grant any request for withdrawal of reference to the bankruptcy court, and consequently, lacks jurisdiction to address whether the Bankruptcy Court committed the errors Plaintiff claims it did in order to vacate the dismissal. *See Schoen*, 2026 WL 730205, at *4 (finding that the district court lacked jurisdiction to withdraw reference to bankruptcy and vacate the bankruptcy court's dismissal order); *see also In re Pruitt*, 910 F.2d at 1170 (Mansmann, J., *concurring*) (explaining that "it [is] only 'common sense' that withdrawal must occur prior to dismissal of the bankruptcy proceeding. . . . The Court of Appeals for the Fifth Circuit has clearly implied that upon the final disposition of a core proceeding, a district court *must* proceed under its appellate jurisdiction." (emphasis in original) (citing *Carlton v. Baww, Inc.*, 751 F.2d 781, 788 n.10 (5th Cir. 1985))).

Accordingly, the Court denies Plaintiff's request to withdraw reference to the bankruptcy court. As a result, there is no further controversy for this Court to resolve in this matter. This matter is therefore dismissed without prejudice and without further leave to amend. *See Grayson v. Mayview State Hosp.* 293 F.3d 103, 112–13 (3d Cir. 2002) (leave to amend not required where

further amendment would be inequitable or futile). The Court emphasizes that Plaintiff must proceed with his appeal in *Ezell v. Russo*, Civ. No. 26 2955 (D.N.J.) and submit his substantive arguments as to why the Bankruptcy Court erred in that action.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion to Remand and **DENY** Plaintiff's request to withdraw reference to bankruptcy. Plaintiff's remaining motions are **DENIED AS MOOT**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and without further leave to amend. An appropriate Order will follow.

Date: October 9, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**